*80 OPINION.
Steenhagen:
The primary question at issue is whether, as the Commissioner has determined, each of the “accounts” is to be treated under the revenue act as an “association” taxable as a corporation. The petitioners say they are not associations, and urge that there are no features of these accounts giving them the semblance of corporate organization sufficient to justify calling them associations within any fair conception of that term. The petitioners’ contention is, in our opinion, clearly correct. It is unnecessary again to catalogue the features which would bring an organization within the statutory term “association” as that term has been broadly construed in Morrissey v. Commissioner, 296 U. S. 344; Swanson v. Commissioner, 296 U. S. 362; Helvering v. Combs, 296 U. S. 365; Helvering v. Coleman-Gilbert Associates, 296 U. S. 369. The purpose of setting up these accounts was, as clearly shown by the evidence, not to carry on a business but to provide a more convenient means of converting the stock dividends of the North American Co. into cash and at the same time minimizing the disturbances of the market. While a substantial number of shares sold by the managers of the accounts were bought on the market, this was to stabilize the market and can not fairly be called carrying on business. It is hardly enough to support the respondent’s point that the function of the accounts was primarily to promote profit and is thus similar to the function of a business corporation. The respondent argues that the participants were not partners and they had limited liability. The petitioners agree now that there were no partnerships and that their filing of partnership returns was mistaken. But this negation of partnership character is not an affirmative demonstration of corporate character. If the accounts must be characterized, they might better be called joint ventures or agencies, for they had but a single narrow purpose and a definitely limited duration. The participants’ liability was not limited, as *81 in a corporation, but entire, and indeed included liability for the default of each. They had nothing resembling capital stock, and the shares or interests of the participants could be transferred only if all the other participants consented. The arrangement in each of the accounts is less like a corporation than that in Commissioner v. Whitcomb Coca-Cola Syndicate, 95 Fed. (2d) 596; Commissioner v. Gerstle, 95 Fed. (2d) 587; Darol Trading Account, 34 B. T. A. 837; or W. S. Farish, 36 B. T. A. 1114 (on review C. C. A., 5th Cir.). The determination that these petitioners are to be taxed as corporations is reversed.
The petitioners argue also that even if they be taxable as corporations, the deficiency determinations were not timely, since the statutory period of limitations had expired when they were made. They also argue that if they be taxpayers, the deficiency notices were defective in that they were addressed not to the taxpayers, namely the accounts themselves, but to the “managers.” Neither of these points requires decision now that it is held that the accounts are not taxable.

Judgment will be entered for the petitioners.